2012 OK 83

STATE of Oklahoma, ex rel., OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Josh T. WELCH, Respondent.

SCBD No. 5868.

Supreme Court of Oklahoma.

Oct. 15, 2012.

Order Modifying on Grant of
Rehearing Nov. 8, 2012.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIA-
TION PENDING DISCIPLINARY
PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma
Bar Association's application for an order
approving the resignation of JOSH T.
WELCH pending disciplinary proceedings,
this Court finds:

1.  On MAY 15, 2012, Welch submitted
his affidavit of resignation from member-
ship in the Oklahoma Bar Association
pending disciplinary proceedings.

2.  Welch's affidavit of resignation re-
flects that: a)it was freely and voluntarily
rendered; b)he was not subject to coercion
or duress; and c)he was fully aware of the
consequences of submitting his resignation.

3.  Welch states he is aware of the disci-
plinary complaint pending against him in
the case *State of Oklahoma ex rel. OKLA-
HOMA BAR ASSOCIATION v. Josh T.
Welch*, SCBD # 5868, related to his actions
in *State of Oklahoma v. David Ogle*, Okla-
homa County District Court Case CF–
2010–5113. He entered an *Alford* plea [An
*Alford* plea admits that the prosecution's
evidence, if believed by the trier of fact, is
sufficient to support a conviction. *State ex
rel. Oklahoma Bar Ass'n v. Corrales*, 2012
OK 64, fn. 2, 280 P.3d 968.] to one count of
Obstructing an Officer in the Performance
of His Official Duties in violation of 21
O.S.2011, § 540 in *State of Oklahoma v.
Josh T. Welch*. He admitted to making
arrangements to discourage an officer
from appearing to testify at a Department
of Public Safety Hearing concerning the
revocation of driving privileges. The plea
was also entered based upon the attorney's
having created false and fraudulent billings
to a client's account to hide unethical and
illegal payments to the police officer.
Welch stated he was also aware of a griev-
ance filed against him by Michael Leather-
wood, alleging his representation of Leath-
erwood in a criminal case was adversely
affected by Welch being investigated by
the same District Attorney's Office that
was prosecuting Leatherwood.

4.  Welch is aware that the allegations
set forth, if proven, would constitute viola-
tions of Rule 1.3 of the Rules Governing
Disciplinary Procedures (RGDP), 5 O.S.
2011, App. 1–A and Rules 1.1, 1.15, 1,5, 5.4,
and 8.4(a), (b), (c), and (d) of the Oklahoma
Rules of Professional Conduct (ORPC), 5
O.S. 2011, Ch. 1, App. 3–A and his oath as
an attorney. He waives all right to contest
the allegations. Furthermore, Welch is
aware that by order dated April 19, 2012,
his license to practice law was suspended
pending an opinion determining final dis-
position of the disciplinary complaint.

5.  Welch's resignation pending disci-
plinary proceedings is in compliance with
all the requirements set forth in Rule 8.1,
RGDP, and it should be approved.

6.  Welch acknowledges and agrees that
he may be reinstated to the practice of law
only upon full compliance with the condi-
tions and procedures prescribed by Rule
11, RGDP, and that he may make no appli-
cation for reinstatement prior to the expi-
ration of five years from the effective date
of this Order Approving Resignation Pend-
ing Disciplinary Proceedings.

7.  Welch acknowledges that, as a result
of his conduct, the Client Security Fund
may receive claims from his former clients.
Welch agrees that should the Oklahoma
Bar Association approve and pay such
Client Security Fund claims, he will reim-
burse the fund the principal amounts and
the applicable statutory interest prior to
the filing of any application for reinstate-
ment.

8. Welch acknowledges that the OBA has incurred costs in the investigation of the disciplinary complaint, but that the OBA recommends to the Court that those costs be waived.

9. The official roster address of Welch as shown by Bar Association records is: Josh T. Welch, 101 Park Avenue, Ste. 600, Oklahoma City, OK 73102.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Josh T. Welch be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Welch may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, RGDP, Welch shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 15th day of October, 2012.

CONCUR: TAYLOR, C.J., COLBERT, V.C.J., WATT, WINCHESTER, EDMONDSON, REIF, JJ.

NOT PARTICIPATING: KAUGER, COMBS, GURICH, JJ.

### REHEARING GRANTED

¶ 1 The petition of the Respondent, Josh T. Welch, to alter the effective date of his Resignation is hereby granted. Welch may not make application for reinstatement prior to the expiration of five years from the date of this Court's Order of Immediate Interim Suspension, April 19, 2012.

¶ 2 In all other matters, the Order Approving Resignation shall remain unchanged.

¶ 3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 8th day of November, 2012.

Concur: TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, JJ.

Not Participating: GURICH, J.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of JOSH T. WELCH pending disciplinary proceedings, this Court finds:

1. On MAY 15, 2012, Welch submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Welch's affidavit of resignation reflects that: a)it was freely and voluntarily rendered; b)he was not subject to coercion or duress; and c)he was fully aware of the consequences of submitting his resignation.

3. Welch states he is aware of the disciplinary complaint pending against him in the case *State of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION v. Josh T. Welch*, SCBD # 5868, related to his actions in *State of Oklahoma v. David Ogle*, Oklahoma County District Court Case CF–2010–5113. He entered an *Alford* plea [An *Alford* plea admits that the prosecution's evidence, if believed by the trier of fact, is sufficient to support a conviction. *State ex rel. Oklahoma Bar Ass'n v. Corrales*, 2012 OK 64, fn. 2, 280 P.3d 968.] to one count of Obstructing an Officer in the Performance of His Official Duties in violation of 21 O.S.2011, 540 in *State of Oklahoma v. Josh T. Welch*. He admitted to making arrangements to discourage an officer from appearing to testify at a Department of Public Safety Hearing concerning the revocation of driving privileges. The plea was also entered based upon the attorney's having created false and fraudulent billings to a client's account to hide unethical and illegal payments to the police officer.

Welch stated he was also aware of a grievance filed against him by Michael Leatherwood, alleging his representation of Leatherwood in a criminal case was adversely affected by Welch being investigated by the same District Attorney's Office that was prosecuting Leatherwood.

4. Welch is aware that the allegations set forth, if proven, would constitute violations of Rule 1.3 of the Rules Governing Disciplinary Procedures (RGDP), 5 O.S.2011, App. 1–A and Rules 1.1, 1.15, 1,5, 5.4, and 8.4(a), (b), (c), and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, Ch. 1, App. 3–A and his oath as an attorney. He waives all right to contest the allegations. Furthermore, Welch is aware that by order dated April 19, 2012, his license to practice law was suspended pending an opinion determining final disposition of the disciplinary complaint.

5. Welch's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, RGDP, and it should be approved.

6. Welch acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Welch acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Welch agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. Welch acknowledges that the OBA has incurred costs in the investigation of the disciplinary complaint, but that the OBA recommends to the Court that those costs be waived.

9. The official roster address of Welch as shown by Bar Association records is: Josh T. Welch, 101 Park Avenue, Ste. 600, Oklahoma City, OK 73102.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Josh T. Welch be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Welch may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, RGDP, Welch shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 15th day of October, 2012.

CONCUR: TAYLOR, C.J., COLBERT, V.C.J., WATT, WINCHESTER, EDMONDSON, REIF, JJ.

NOT PARTICIPATING: KAUGER, COMBS, GURICH, JJ.